# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARSHA SWANSTROM,** | ) | CASE NO. 4:10CV3035 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **GRANDVIEW LIVING CENTER,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on its own motion. Federal Rule of Civil Procedure 11 states that "every pleading . . . must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Further, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Id. Plaintiff, who is proceeding *pro se*, failed to sign her Complaint (Filing No. 1) and her Motion for Leave to Proceed In Forma Pauperis ("IFP") (Filing No. 2).[1]

On February 25, 2010, the Deputy Clerk notified Plaintiff about her signature deficiencies. (Filing Nos. 5 and 6.) The court warned Plaintiff that if she failed to correct these deficiencies within 15 days, her pleadings could be stricken from the record of this

---

[1] Plaintiff's Complaint is signed by her husband, David L. Swanstrom. (Filing No. 1 at CM/ECF p. 6.) However, David Swanstrom is not named as Plaintiff in this matter. (Id. at CM/ECF p. 1.) The court notes that pursuant to Federal Rule of Civil Procedure 17(c)(1), a duly appointed representative may sue or defend on behalf of an incompetent person. In addition, an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. Fed. R. Civ. P. 17(c)(2). However, a pro se litigant who is not an attorney may not represent someone else in federal court. *See, e.g.,* Osei-Afriyie v. Med. Coll. of Penn., 937 F.2d 876, 882-82 (3d Cir. 1991) (concluding that it is not in the interest of minors or incompetents that they be represented by non-attorneys).

case. (*Id.*) More than a month has now passed, yet Plaintiff has failed to sign her pleadings. (*See* Docket Sheet.)

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until April 26, 2010, to show cause why this case should not be dismissed for failure to comply with Fed. R. Civ. P. 11. If Plaintiff does not respond, or if good cause is not shown, this action will be dismissed without prejudice and without further notice; and

2. The Clerk of the court is directed to set a pro se case management deadline with the following text: April 26, 2010: deadline for Plaintiff to show cause why pleadings were not signed.

DATED this 30th day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2